IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DOUGLAS M. JENNINGS | ) |
| Plaintiff, | ) ) ) ) MISC. ACTION NO. _____ ) ) *Related to Civil Action No.* ) 1:04-cv-1862-RLY-WTL ) ) *Pending in the U.S. District Court* ) *for the Southern District of Indiana* ) *(Indianapolis Division)* ) ) |
| v. | ) ) |
| AUTO METER PRODUCTS, INC., et al., | ) ) ) |
| Defendants. | ) ) ) |

## GAUGE WORKS, LLC AND GREGORY DAY'S
## MOTION TO QUASH SUBPOENA

Defendant, Gauge Works, LLC ("Gauge Works") and Gregory Day ("Day"), by counsel, submit this Motion to Quash the Subpoena issued on or about July 21, 2005 by Plaintiff, Douglas M. Jennings' ("Jennings") and served on or about July 22, 2005 on Bank of America Corp., and in support thereof state as follows:

### INTRODUCTION

This litigation arises out of the alleged fabrication of two product flyers submitted to the United States Patent and Trademark Office ("USPTO") in 2002. Plaintiff contends that the Defendants falsified product flyers which rendered his patent application invalid as being anticipated by prior art. Despite the singular issue of whether or not Defendants

falsified product flyers sent to the USPTO, Jennings has attempted through discovery to expand this proceeding into an inquiry into each and every aspect of Gauge Works business for nearly a ten (10) year period. This subpoena is but another example of Jennings burdensome and over-reaching approach to this litigation.[1]

The subpoena at issue herein seeks the expansive discovery of both personal and business related financial information of Gauge Works and Day from Bank of America from 1998 until present, a period of almost eight (8) years. See Exhibit 1 to Declaration of D. Kyle, a Subpoena of Bank of America Corp., attached hereto as Exhibit A. This subpoena was served despite the fact that Gauge Works, subject to its objections, produced relevant and material information pertaining to credit card accounts with Bank of America through the discovery issued to date in this case.[2] Jennings, through this subpoena, seeks to ignore the meritorious objections asserted by Gauge Works and Day in response to his discovery requests, and instead of addressing the concerns of Gauge Works and Day, seeks to circumvent Gauge Works and Day by seeking information from Bank of America. The nature of Jennings actions can be seen in the manner in which Gauge Works was informed of this subpoena.

The subpoena sought to be quashed herein was issued on July 21, 2005 and served on July 22, 2005. Counsel for Gauge Works and Day were not informed of the

---

[1] In response to the Complaint filed by the Plaintiff in the United States District Court for the Southern District of Indiana, Gauge Works and Day along with AutoMeter Products, Inc. filed a Joint Motion to Stay Discovery and a Joint Motion to Disqualify Counsel, as well as motions to dismiss this case for failure to state a claim for which relief can be granted, FED. R. CIV. P. 12(b)(6), as well as for lack of personal jurisdiction, FED. R. CIV. P. 12(b)(2). All motions are currently pending before the Court.

[2] Gauge Works and Day realize that certain information contained in the records of Bank of America are relevant to the jurisdictional issue currently pending before the Court in Indiana. To that extent, Gauge Works and Day, subject to their objections, have provided Jennings with such relevant information. Jennings now seeks an inquiry into all personal and financial information of Gauge Works and Day held by Bank of America through this subpoena, despite the prior production by Gauge Works and Day.

issuance of the subpoena until late in the day on Friday, August 5, 2005, more than two weeks following the issuance of the subpoena by counsel for Jennings. This motion is filed due to the failure of Jennings to notify counsel for Gauge Works and Day in an appropriate manner prior to the anticipated date of production, August 11, 2005. Gauge Works and Day respectfully submit that the subpoena served upon Bank of America for records of Gauge Works and Day over an eight (8) year period

- is so grossly broad and inclusive as to be in contravention of the mandates of Rule 45;
- purports to call for confidential personal and commercial financial information; and
- purports to call for information which is not relevant to the underlying action and not likely to lead to the discovery of admissible evidence.

Gauge Works and Day respectfully request that plaintiff's subpoena be quashed.

## ARGUMENT

### A. STANDARD OF LAW

Federal Rule of Civil Procedure 45(c) provides that upon a timely motion, this Court shall quash a Subpoena to avoid "undue burden" and to protect against "disclosure of a trade secret, or other confidential research, development or commercial information." FED. R. CIV. PROC. 45(c)(3)(A)(iv) and (B)(i). Courts have held that where a subpoena imposes an undue burden on a non-party, the party issuing the subpoena must prove that the information is necessary to the litigation and that it cannot be discovered in another manner or from other sources. Allen v. Howmedica Leibinger, et al., 190 F.R.D. 518, 525 (W.D. Tenn. 1999). The fact that Gauge Works and Day have already produced

relevant information concerning the exact information sought in this subpoena is prima facie evidence that the information sought can be discovered from other sources, and, supports quashing of the subpoena.

### B. THE SUBPOENA IS OVERLY BROAD, PLACES UNDUE BURDEN UPON BANK OF AMERICA, AND SEEKS CONFIDENTIAL PERSONAL AND COMMERCIAL FINANCIAL INFORMATION NOT RELEVANT TO THE LITIGATION

In the context of the present litigation, Jennings seeks the disclosure of confidential personal and commercial financial information of Gauge Works and Day for approximately eight (8) years. In the requests, Jennings seeks all records of all purchases of all accounts of Day and Gauge Works from 1998 until present. See Exhibit 1 to Declaration of D. Kyle, a Subpoena of Bank of America Corp., attached hereto as Exhibit 1. The breadth of Jennings' requests are truly amazing. Such requests are not reasonably tailored to prevent hardship and undue burden on the recipient of the subpoena, but rather serves as an inartful attempt to inquire into all confidential financial matters of Day and Gauge Works for nearly eight years without regard to their relevancy to this case.[3]

The Federal Rules of Civil Procedure require plaintiffs to narrowly tailor their discovery and prevent them from seeking irrelevant and confidential information from non-parties. See Allen, 190 F.R.D. at 525; see also Henson v. Wyeth Laboratories, Inc., 118 F.R.D. 584, 585 (W.D. Va. 1987). The plaintiffs may not conduct a fishing expedition. See e.g., Sportrust Associates Intern, Inc. v. Sports Group, 304 F. Supp.2d 789, 794 (E.D. Va. 2004)(recognizing that discovery should be limited when it appears

---

[3] Jennings, through discovery in this case, has knowledge of the companies from which Gauge Works purchases its materials. Despite such knowledge, Jennings wholly fails to even limit his requests to purchase information pertaining to specific companies for a delineated period of time. Accordingly, the breadth of Jennings request seeking the production of irrelevant and confidential personal and commercial financial information should not be countenanced.

that the party is engaging in a "fishing expedition"); Maersk Line Ltd. v. Care, 271 F. Supp.2d 818, 825 (E.D. Va. 2003)(recognizing that plaintiff's attempt to conduct discovery to establish a theory constitutes a "fishing expedition" in light of the facts before the court); Cherrix v. True, 177 F. Supp.2d 485, 494 (E.D. Va. 2001)(denying motion to compel because the petitioner's subpoena *duces tecum* was overly broad and amounted to a "fishing expedition").

In this instance, the need for the Court's strict oversight is particularly compelling given the delayed notice of issuance of the subpoena to counsel for Gauge Works and Day, coupled with the expansive requests which seek confidential personal and commercial financial information which is not relevant to this case.

While Jennings may argue that a protective order that has been entered in this case properly protects the interests of Gauge Works and Day, such an argument is without merit. While a protective order may protect a party litigant against the disclosure of confidential and proprietary relevant information (or even information likely to lead to relevant evidence) in litigation, that is not to say that a protective order is a license to conduct unfettered fishing expeditions into any matter without delineation of the relevancy thereof. Jennings may not, through the mechanisms of a protective order, seek personal confidential personal and commercial financial information of Day and Gauge Works which is known not to have relevance to this litigation in the belief that included therewith may be some relevant evidence. It is incumbent upon Jennings to serve discovery which is narrowly tailored to protect a litigants confidential, personal and commercial interests. Jennings has wholly failed to abide by his obligations and,

5

accordingly, his unconstrained attempt to seek irrelevant and confidential information should not be countenanced and the subpoena should be quashed.

Gauge Works and Day further request that, due to the unilateral failure of Jennings to inform Gauge Works and Day of the issuance of the subpoena in a timely manner, and due to the possibility resulting therefrom that Bank of America may have already responded to the subpoena by producing confidential personal and commercial financial information which is irrelevant to this litigation, the Court inquire into the same and should production have taken place an order be entered requiring the return of said documents to counsel for Gauge Works and Day without reproduction or dissemination in any manner by counsel for Jennings.

## **WAIVER OF MEMORANDUM OF LAW**

Because this Motion presents no novel issues of law, Gauge Works, LLC and Gregory Day hereby waive the filing of a memorandum in support of this Motion pursuant to D. Del. L.R. 7.1.2, except that Gauge Works, LLC and Gregory Day reserve the right to file a brief in reply to any objection to this Motion.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

## CONCLUSION

For the reasons stated above and pursuant to Rule 45(c) of the Federal Rules of Civil Procedure, Gauge Works, LLC and Gregory Day respectfully request that the Court enter an order quashing the subpoena *duces tecum* and, if applicable, order the return of documents produced in response to the subpoena to counsel for Gauge Works and Day without reproduction or dissemination in any manner by counsel for Jennings.

MORRIS, NICHOLS, ARSHT & TUNNELL

w/ permission
/s/
Donna L. Culver (No. 2983)
Michael G. Busenkell (No. 3933)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
(302) 658-3989 - fax

Counsel to:
GAUGE WORKS, LLC and GREGORY DAY

OF COUNSEL:

Daniel T. Trachtman
WOODEN & MCLAUGHLIN, LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-4208
(317) 639-6151
(317) 639-6444 - fax

Bryan D. Wright
WILLIAMS MULLEN
A Professional Corporation
401 E. market Street, Suite 101
Charlottesville, VA 22902
(434) 951-5718
(434) 817-0790- fax

D. Kyle Deak
WILLIAMS MULLEN
A Professional Corporation
1021 East Cary Street
P.O. Box 1320
Richmond, Virginia 23218-1320
(804) 643-1991
(804) 783-6507 - fax


Dated: August 11, 2005


478339