# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DOUGLAS M. JENNINGS                    )
                                       )
                      Plaintiff,       )
                                       ) MISC. ACTION NO. _____
                                       )
                                       ) *Related to Civil Action No.*
                                       ) *1:04-cv-1862-RLY-WTL*
                                       )
                                       ) *Pending in the U.S. District Court*
                                       ) *for the Southern District of Indiana*
                                       ) *(Indianapolis Division)*
                                       )
v.                                     )
                                       )
AUTO METER PRODUCTS, INC., et al.,     )
                                       )
                                       )
                      Defendants.      )
                                       )
                                       )

**DECLARATION OF D. KYLE DEAK IN SUPPORT OF GREGORY DAY
AND GAUGE WORKS MOTION TO QUASH SUBPOENA**

I, D. Kyle Deak, hereby declare that:

1.      I am an attorney at the law firm of Williams Mullen; counsel to

defendants, Gauge Works, LLC and Gregory Day; and I have personal knowledge of the

facts stated herein.

2.      Attached hereto as Exhibit 1 is a true and correct copy of the subpoena

issued by counsel for Douglas M. Jennings on July 21, 2005, served on July 22, 2005 and

received on August 5, 2005 by counsel for Gauge Works and Gregory Day.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief. Executed on August 10, 2005.

_____
D. Kyle Deak

1180185v1



PAUL J. MAGINOT
HAROLD C. MOORE
MICHAEL D. BECK
DAVID M. LOCKMAN ▵
DAVID B. QUICK
JAMES D. WOOD
RUSSELL E. FOWLER II
GERALD W. ROBERTS

▵ GEORGIA & OHIO BARS ALSO

# MAGINOT, MOORE & BECK LLP
### PATENT AND TRADEMARK ATTORNEYS

BANK ONE CENTER/TOWER
111 MONUMENT CIRCLE, SUITE 3000
INDIANAPOLIS, INDIANA 46204-5115

TELEPHONE (317) 638-2922
FACSIMILE (317) 638-2139

July 21, 2005

The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

     Re:    Douglas M. Jennings v. Auto Meter Products, Inc., Gauge Works LLC and
           Gregory Day
           Civil Action No. 1:04-CV-1862 RLY-WTL
           MMB Docket No. 1712-0004

Dear Registered Agent:

    Attached please find a subpoena for the production of documents from Bank of
America Corporation. Along with the subpoena, a copy of Rule 45, and a Schedule A of
the documents to produce, is a protective order that was entered in the case. Bank of
America may produce documents with either the CONFIDENTIAL or ATTORNEY
EYES ONLY designation, if appropriate.

    Please contact Paul J. Maginot, Maginot, Moore & Beck, Bank One Center
Tower, 111 Monument Circle, Suite 3000, Indianapolis, IN 46204-5115, (317) 638-
2922, to arrange for a mutually agreed location for the production.

    Thank you for your prompt attention and cooperation in this matter.

                   Very truly your,

                   Maginot, Moore & Beck

                   Paul J. Maginot

Enclosures

Issued by the

# UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE
**SUBPOENA IN A CIVIL CASE**

Douglas M. Jennings,
  Plaintiff
    v.                                          1:04-cv-01862 RLY-WTL
                                                Southern District of Indiana
Auto Meter Products, Inc.
Gauge Works LLC, and
Gregory Day,
  Defendants

TO: Bank of America Corp., c/o The Corporation Trust Company, Corporation Trust Center,
1209 Orange Street, Wilmington, DE 19801

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time
specified below testify in the above case.

| Place of Testimony | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking
of a deposition in the above case.

| Place of Deposition | DATE AND TIME |
|---|---|

XX YOU ARE COMMANDED to produce and permit inspection and copying of the following documents
or objects at the place, date, and time specified below (list documents or objects): <u>See attached Schedule A</u>

| Place: A mutually agreed upon location | DATE AND TIME: 9:00 a.m., 8/11/05 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified
below.

| Premises | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more
officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each
person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER'S SIGNATURE (INDICATE IF ATTORNEY FOR PLAINTIFF)   DATE

Attorney for Plaintiff    July 21, 2005

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER:    Paul J. Maginot, MAGINOT, MOORE & BECK
LLP, 111 Monument Circle, Suite 3000, Indianapolis, IN 46204-5115, (317) 638 2922.

**PROOF OF SERVICE**

DATE SERVED: July 22, 2005    PLACE: Corporation Trust Cent

| SERVED ON (PRINT NAME) Nicole Ciaccia | MANNER OF SERVICE<br>Delivery Service |
| --- | --- |

| SERVED BY (PRINT NAME) Megan L. Lyall | TITLE |
| --- | --- |

DECLARATION OF SERVER:

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    August 5, 2005
DATE

SIGNATURE OF SERVER

111 Monument Circle, Suite 3
ADDRESS OF SERVER
Indianapolis, IN 46238
46205

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

## (c) PROTECTION OF PERSONS SUBJECT TO SUPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an offi= of a party oom significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Schedule A

1.    Any and all documents and things related to, referring to, or involving credit card accounts of Greg Day that were issued or otherwise provided by or on behalf of Bank of America during the years 1998-present.

2.    Any and all documents and things relating to, referring to, or involving any and all invoices, bills, credit card statements, or other request-for-payment documents prepared regarding any credit card accounts of Greg Day that were issued or otherwise provided by or on behalf of Bank of America during the years 1998-present.

3.    Any and all documents and things relating to, referring to, or involving records of any and all purchases of goods and/or services that were charged to any credit card account of Greg Day which were issued or otherwise provided by or on behalf of Bank of America during the years 1998-present.

4.    Any and all documents and things related to, referring to, or involving credit card accounts of Gauge Works that were issued or otherwise provided by or on behalf of Bank of America during the years 1998-present.

5.    Any and all documents and things relating to, referring to, or involving any and all invoices, bills, credit card statements, or other request-for-payment documents prepared regarding any credit card accounts of Gauge Works that were issued or otherwise provided by or on behalf of Bank of America during the years 1998-present.

6.    Any and all documents and things relating to, referring to, or involving records of any and all purchases of goods and/or services that were charged to any credit card account of Gauge Works which were issued or otherwise provided by or on behalf of Bank of America during the years 1998-present.

## DEFINITIONS AND INSTRUCTIONS

1.     "Auto Meter" means Auto Meter Products, Inc. having a place of business at 413 West Elm Street, Sycamore, Illinois 60178, and, any affiliated or related companies or entities, any predecessors, current or former subsidiaries, affiliates or divisions and their present and former officers, directors, employees, attorneys, agents, consultants and all other persons acting or purporting to act on their behalf.

2.     "Bank of America" means Bank of America Corporation that is incorporated in the state of Delaware, and any affiliated or related companies or entities, any predecessors, current or former parent companies, current or former subsidiaries, affiliates or divisions (including Nations Bank) and their present and former officers, directors, employees, attorneys, agents, consultants and all other persons acting or purporting to act on their behalf.

3.     "Gauge Works" means Gauge Works LLC having a place of business at 10407 Down Patrick Lane, Great Falls, Virginia 22066 and/or 43671 Trade Center Place, Unit 156, Dulles, Virginia 20166 and/or 12532 Cliff Edge Dr., Herndon, Virginia 20170, and any affiliated or related companies or entities, any predecessors, current or former subsidiaries, affiliates or divisions and their present and former officers, directors, employees, attorneys, agents, consultants and all other persons acting or purporting to act on their behalf.

4.     "Gregory Day" means the individual who resides at 10407 Down Patrick Lane, Great Falls, Virginia 22066.

5.     "Person" or "persons" means all natural persons, any business entities including corporations, partnerships, cooperatives, or other business associations, and any other business, legal or governmental entities or associations including any department, agency, bureau, unit or political subdivision thereof, and all predecessors and successors of each of them.

2

6.    "Referring to" or "relating to" means, without limitation, constituting, discussing, covering, concerning, or referring to, directly or indirectly in any way, the subject matter identified in a particular request.

7.    "Document" includes without limitation all handwritten, typed, printed, photostatic, graphic and/or computer-stored matter, such as correspondence, memoranda, notes, charts, tables, desk calendars, logs, drafts, work papers, minutes or recordings of meetings, speeches, presentations, conversations or telephone calls (whether recorded in writing, mechanically, or electronically), records, studies, analyses, reports, schedules, forecasts, surveys, invoices, receipts, check stubs, computer data, computer printouts, financial statements, balance sheets, profit and loss statements, statements of earning, statements of net worth, credit reports, statement of operations, audit reports, financial summaries, statement of lists of assets, figure statistics, agreements, government filings and reports, contracts, expense reports, photographs, slides and videos. "Document" also means an authentic copy where the copy is not an identical duplicate of the original. If any responsive documents exist only in computer memory, these documents should be produced by printing out and furnishing hard copies of the documents.

8.    Any responsive document not disclosed by reason of a claim of privilege or other basis should be identified in writing by: (a) date; (b) author; (c) recipient; (d) general subject matter; and (e) the basis upon which it is being withheld from production.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DOUGLAS M. JENNINGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO.** |
| | ) | **1:04-CV-01862 RLY-WTL** |
| | ) | |
| AUTO METER PRODUCTS, INC., | ) | |
| and | ) | |
| GAUGE WORKS LLC | ) | |
| | ) | |
| Defendants | | |

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED by the parties through their respective counsel of record that, pursuant to Federal Rule of Civil Procedure 26(c), the following protective order be entered by the Court:

1.    Until further notice of the Court, the production of documents, things, information, and any other things subject to discovery in this action including without limitation testimony ("Discovery Material") by the Parties or any third party shall proceed in accordance with this Protective Order. As used herein the term "Party" or "Parties" shall refer to Douglas M. Jennings ("Jennings"), Auto Meter Products, Inc. ("Auto Meter"), and Gauge Works LLC ("Gauge Works"). Because Auto Meter and Gauge Works anticipate that documents and other evidence that will be used in this case will contain corporate confidential or proprietary information that has economic value because it is not publicly known, there is good cause for entry of this Stipulated Protective Order ("Protective Order").

DSMDB.1883404.1

2.    Any party (including any third party not named in this action) that is required to produce materials or information in discovery in this case may make a designation pursuant to this Protective Order. Any Party or third party making a designation under this Protective Order agrees to be bound by the terms of this Protective Order.

3.    A Party or third party may designate Discovery Material under this Protective Order as: "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY." Discovery Material designated as "CONFIDENTIAL" or "CONFIDENTIAL -- OUTSIDE COUNSELS' EYES ONLY" shall be referred to herein as "Protected Material." The words "CONFIDENTIAL" or "CONFIDENTIAL -- OUTSIDE COUNSELS EYES ONLY" shall be placed clearly on each such page or portion of the Protected Material. In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are exchanged or produced.

4.    Protected Material shall include trade secrets (as contemplated by Federal Rules of Civil Procedure 26(c) and defined by Indiana Code Section 24-2-3-1 et. seq. and case law interpreting that statute), business plans and forecasts, technical product specifications, financial plans and forecasts, operational plans and forecasts, product development plans and forecasts and other information relating to sales, costs, pricing, profits, research, business plans, finances, employment policies, customer identities, or internal procedures, or the like that is unknown to competitors or the general public and that the disclosing party has taken affirmative steps to maintain as confidential. The exclusion of any type of information from the preceding sentence in no way implies that such information may not be designated as confidential, so long as the designating party in good faith believes that it is confidential. The "CONFIDENTIAL -- OUTSIDE COUNSELS' EYES ONLY" designation shall be used only for extremely sensitive proprietary information that a party in good faith believes is entitled to heightened protection so

as to prevent the party from incurring serious economic or competitive injury such as: (a)

financial information such as margins, revenues, costs, etc.; (b) information, such as research and

development information, regarding future products; (c) information regarding present and future

business and marketing strategies; (d) customer lists and documents that reveal a customer's

identity; (e) confidential third party agreements; and (f) any protectable, and actually protected,

trade secrets as defined by applicable state law.

      5.      Protected Material designated as "CONFIDENTIAL" may be disclosed only to

the following persons, except upon written consent of the designating party:

      (a)      Outside and in-house attorneys for the Parties and regular employees of

such attorneys assigned to and necessary to assist in the conduct of this action;

      (b)      Retained outside consultants and retained outside experts to the extent

necessary for the conduct of this action;

      (c)      Deponents noticed by the Parties, to the extent necessary for the conduct

of this action, where the deponent is an author or recipient of the Protected Material or to whom

disclosure is reasonably appropriate;

      (d)      The Court and court personnel including without limitation clerks and

court reporters;

      (e)      Deposition court reporters, deposition videographers, copying services,

and imaging services;

      (f)      Jury consultants;

      (g)      Mock jurors; and

      (h)      Employees of a Party.

6.    Protected Material designated "CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" may be disclosed only to the following persons, except upon prior written consent of the designating party:

(a)    Outside attorneys for the Parties and regular employees of such attorneys assigned to and necessary to assist in the conduct of this action who are not shareholders, officers, directors, or employees of a party to this action;

(b)    Retained outside consultants and retained outside experts to the extent necessary for the conduct of this action;

(c)    Deponents noticed by the Parties, to the extent necessary for the conduct of this action, where the deponent is an author or recipient of the Protected Material or to whom disclosure is reasonably appropriate;

(d)    The Court and court personnel including without limitation clerks and court reporters;

(e)    Deposition court reporters, deposition videographers, copying services, and imaging services;

(f)    Jury consultants; and

(g)    Mock jurors.

7.    All consultants or experts to whom Protected Material designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" is disclosed under Paragraphs 5(b), 5(f), 6(b) or 6(f) in accordance with the terms of this Order and all employees to whom Protected Material designated as "CONFIDENTIAL" is disclosed under paragraph 5(h) shall execute a copy of the Protective Order Acknowledgement attached to this Order, acknowledging the person's agreement to be bound by its terms prior to any disclosure. A copy of the executed Protective Order Acknowledgement shall be maintained by the

disclosing party during this action and for thirty (30) days after termination of this action, including any appeals. If a Party disclosing Protected Material to a consultant or expert intends to rely on the testimony of such a consultant or expert as a testifying witness at trial or any hearing or with a declaration or affidavit, that Party shall provide a copy of the executed Protective Order Acknowledgment to the other Party.

8.     Any Protected Material filed with the Court shall be filed under seal and shall remain under seal until further Order of the Court. Where possible, only portions of the filing with the Court constituting Protected Material shall be filed under seal. The party filing any Protected Material shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "TO BE FILED UNDER SEAL PURSUANT TO COURT ORDER" next to the caption.

9.     A Party that inadvertently fails to designate Protected Material at the time of its production shall have ten (10) days thereafter in which to correct its failure, or for good cause shown after the expiration of the ten days. Such correction, and notice thereof, shall be made in writing, accompanied by substitute copies of each affected item, designated as described above.

10.     If a producing party inadvertently discloses to a receiving party information that is privileged, said producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the receiving party will return such inadvertently produced item or items of information and all copies thereof within five (5) days of the earliest of (i) discovery by the receiving party of its inadvertent production, or (ii) receiving a written request for the return of such item or items of information. The party having returned such inadvertently produced item or items of information may thereafter, without asserting waiver because of inadvertent

production, seek production of any such documents in accordance with the Federal Rules of Civil Procedure.

11.    Any party shall not be obligated to challenge the propriety of a designation of Discovery Material as Protected Material at the time the designation is made, and the failure to do so shall not prelude a subsequent challenge thereto. A Party , and when Protected Material has been filed under seal, an interested member of the public, may at any time request in writing to the party who produced Protected Material that the designation be modified or withdrawn. If the designating party does not agree to the re-designation of the Protected Material within ten (10) days of receipt of the written request, the party requesting re-designation may apply to the Court for relief. Upon such application to the Court for relief, the burden shall be on the designating party to show why its classification is proper. The designation of the Protected Material shall be maintained pending the ruling of the Court on any such request for relief.

12.    Agreement of the Parties to this Protective Order shall not be construed as an agreement or admission by one party that the designation of Protected Material as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" by any other party is in any way proper or correct.

13.    Protected Material produced or exchanged in the course of this litigation shall be used by the receiving party solely for the prosecution and/or defense of this action, including any appeals, and for purposes of evaluation of settlement and for settlement negotiations, and not for any other purposes, including without limitation, any competitive or business purposes. Nothing in this Protective Order shall limit any producing party's use of its own Protected Material. Nothing in this Protective Order shall prevent disclosure of an item designated as Protected Material to any entity by the party who designated such item as Protected Material.

14.     Nothing contained in this Protective Order shall constitute a waiver of any party's right to assert that particular Protected Material is entitled to greater protection and/or limitation of access than afforded by this Protective Order, including an assertion that certain such information or materials should not be produced at all.

15.     Protected Material disclosed at any deposition occurring in this litigation may be designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" by any party indicating on the record at the deposition that the testimony is Protected Material and/or noting that it is "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY." A party may also designate information or exhibits disclosed at such deposition as Protected Material by notifying the other party in writing prior to deposition, noting the appropriate category of classification. In addition, a party may provide written notice to other parties designating testimony as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" within five (5) days of receipt of the deposition transcript. The Court Reporter shall designate those portions of the deposition transcripts which are considered to be Protected Material with the appropriate legend. Nothing in this paragraph shall prevent a Party's representative from attending depositions to the extent such attendance is otherwise permissible under the law, the rules of procedure, and the rules of the Court. If such attendance is permissible under the law and rules, the disclosing party may nonetheless ask that such representative leave the room for those portions of the deposition that the disclosing party believes are Protected Material as defined herein and to which such representative is not allowed access under this Protective Order, and the representative shall comply with the disclosing party's request.

16.     If any Protected Material is to be offered in any hearing, trial, or other proceeding, the designating party shall have the right to request the entry of order(s) by the Court, in limine

or otherwise, to protect the confidentiality of the information or materials before the information or material is used. Nothing in this provision shall require disclosure of specific information or material to be used in a hearing, trial or other proceeding.

     17.    The restrictions embodied in this Protective Order shall be binding upon the Party to whom such Protected Material is produced unless and until that Party shows to this Court that:

     (a)    The Protected Material was or has become public knowledge absent a breach of the restrictions of this Protective Order; or

     (b)    The Protected Material was already made known to that party through a third party who himself has not breached any obligation of confidentiality in doing so.

     18.    In the event that any person in receipt of Protected Material designated as "CONFIDENTIAL" or "CONFIDENTIAL -- OUTSIDE COUNSELS' EYES ONLY" shall receive a written request, subpoena, or Court Order seeking disclosure of such information, such person shall immediately upon receipt of such request, subpoena, or Court Order notify counsel for the designating party of the request, subpoena, or Court Order and shall provide counsel for the designating party with a copy of the same and shall permit the designating party a reasonable opportunity to seek a protective order to prevent the disclosure of such information.

     19.    Thirty (30) days after termination of this action, including any appeals, documents and other tangible items containing Protected Material, including all copies, noted and other materials containing or referring to information derived therefrom, shall be returned to the party which produced it or, upon that party's written consent, destroyed, and all persons who possessed such material shall verify, to the best of their knowledge, the return or destruction by affidavit furnished by the producing party. Notwithstanding the foregoing, outside counsel for each Party may retain one copy of all pleadings, transcripts and exhibits used in the case, as well as attorney work notes.

8

20.    The Court retains jurisdiction to make such amendments, modifications, and additions to this Protective Order as it may from time to time deem appropriate. Either Party may make a request to the Court for any reasonable amendment to this Protective Order to facilitate the efficient and appropriate handling of Protected Material.

21.    The treatment accorded Protected Material under this Protective Order shall survive termination of this action.

Based on the foregoing stipulations, it is SO ORDERED.

ENTERED  02/16/2005

_William T. Lawrence_
Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Stipulated and agreed to by:


__/s/Daniel Trachtman__

Daniel D. Trachtman
WOODEN & McLAUGHLIN
One Indiana Square, Suite 1800
Indianapolis, Indiana 46204-4208
(317) 639-6151 [phone]
(317) 639-6444 [facsimile]
dtrachtman@woodmaclaw.com

/s/ Kenneth W. Brothers

Kenneth W. Brothers
DICKSTEIN, SHAPIRO, MORIN &
OSHINSKY
2101 L Street, NW
Washington, D.C. 20037-1526
(202) 785-9700 [phone]
(202) 887-0689 [facsimile]
BrothersK@dsmo.com
*Counsel for Auto Meter Products, Inc.*


__/s/Bryan Wright__

Bryan D. Wright
WILLIAMS MULLEN
A Professional Corporation
Two James Center
1021 E. Cary Street
Richmond, VA 23218-1320
(804) 643-1991 [phone]
(804) 783-6507 [facsimile]
BWright@williamsmullen.com
*Counsel for Gauge Works LLC*


s/David M. Lockman/

Paul J. Maginot
David M. Lockman
MAGINOT, MOORE & BECK
Bank One Center/Tower
111 Monument Circle, Suite 3000
Indianapolis, IN 46204-5115
(317) 638-2922 [phone]
(317) 638-2139 [facsimile]
pjmaginot@maginot.com
dmlockman@maginot.com

*Counsel for Douglas M. Jennings*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DOUGLAS M. JENNINGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| AUTO METER PRODUCTS, INC., | ) |
| And | ) |
| GAUGE WORKS LLC | ) |
| | ) |
| Defendants | |

CIVIL ACTION NO.
1:04-CV-01862 RLY-WTL

## PROTECTIVE ORDER ACKNOWLEDGEMENT

I,_____,

[___]    an employee of _____, or

[___]    an outside expert or consultant retained by _____ in

connection with the above-captioned proceeding,

hereby acknowledge that I may receive Protected Materials supplied by

_____, as defined in the Stipulated Protective Order dated February ___, 2005.

I certify that the Protected Material provided to me is pursuant to the terms and

restrictions of the Stipulated Protective Order. I have been given a copy of the Stipulated

Protective Order and have read and understand my obligations under it. I hereby agree to be

bound by the terms of the Stipulated Protective Order. I understand that any and all Protected

Material that I receive shall not be disclosed to or discussed with anyone not similarly bound by the Court's Stipulated Protective Order.

At the conclusion of this proceeding, I will return all information and materials I receive to counsel of record for the party by whom or on whose behalf I have been retained.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order and waive any and all objections to jurisdiction and venue for that purpose.

Dated:_____

Name:_____