# **EXHIBIT 1**

# REDACTED
# IN ITS
# ENTIRETY

**EXHIBIT 2**



WILLIAMS MULLEN

Bryan D. Wright
Direct Dial: 434.951.5718
bwright@williamsmullen.com
USPTO 39,080

July 5, 2005

**VIA FACSIMILE (317) 638 2139**
**VIA E-MAIL dmlockman@maginot.com**

David M. Lockman, Esq.
Maginot, Moore & Beck
Bank One Center
111 Monument Circle, Suite 3000
Indianapolis, IN 46204

      Re: Douglas M. Jennings v. Auto Meter Products, et al.
          Civil Action No. 1:04-CV-1862 RLY-WTL

Dear David:

      I returned to my office this morning to find your e-mail of June 29, 2005. As with the theories of your case in chief, the conclusions contained in your letter are wrong.

      Specifically, the Agreement with Auto Meter, as well as the orders for raw materials from the Indiana Company, were located by my client just days before their production to you. No statement in any declaration heretofore filed has been incorrect. Although you are correct that the orders for materials were inadvertently attached to the Agreement with Auto Meter, I was laboring under the belief that all of these documents had been forwarded to you by Kyle Deak a day or two earlier than our filing. As you know, Kyle was called away on a family tragedy, and this supplemental production was not made until after his return and our filing.

      As I have explained to you before, Gauge Works is not a large company with a staff. At the time of the making of the prototypes of which you have questioned the existence, Gauge Works was operated out the garage of Mr. Day. As a result, we do not have all the records and evidence that we would like to give to you to dissuade you from your meritless quest.

*A Professional Corporation*

VIRGINIA • WASHINGTON, D.C. • LONDON

Enterprise Center 401 East Market Street, Suite 101 Charlottesville, VA 22902-5264 Tel: 434.951.5700 Fax: 804.783.6507 or
434.817.0977 www.williamsmullen.com



## WILLIAMS MULLEN

Bryan D. Wright
Direct Dial: 434.951.5718
bwright@williamsmullen.com
USPTO 39,080

As we find additional evidence which may convince you that you have a meritless case, or that otherwise is relevant to this case, including purchases of raw materials by Gauge Works for its products, we will timely forward those to you, as we have done to date.

Sincerely,

Bryan D. Wright

Bryan D. Wright

BDW/bj

1166672v1

*A Professional Corporation*

VIRGINIA  •  WASHINGTON, D.C.  •  LONDON

Enterprise Center  401 East Market Street, Suite 101  Charlottesville, VA 22902-5264  Tel: 434.951.5700  Fax: 804.783.6507  or
434.817.0977 www.williamsmullen.com



WILLIAMS MULLEN

Direct Dial: 434.951.5718
bwright@williamsmullen.com

April 13, 2005

**BY ELECTRONIC MAIL AND FACSIMILE**

Paul J. Maginot, Esq.
David Lockman, Esq.
Maginot, Moore & Beck
Bank One Center/Tower
111 Monument Circle, Suite 3000
Indianapolis, Indiana 46204-5115
Fax No. (317) 638-2319

     Re:    <u>Jennings v. Gauge Works et al.</u>

Dear David:

    This responds to your email of March 31 and letter of April 1, 2005 concerning the production of documents of Gauge Works in regard to Jennings' First Set of Requests for Documents. Without waiving its objections set forth in its Reponses to Jennings' First Set of Requests for Production of Documents, Gauge Works responds as follows to the issues raised in your letter of April 1, 2005:

    In Jennings' document requests 15, 16 and 33, Gauge Works objected to such requests, in part, because such requests were overly broad, unduly burdensome and were not deemed likely to lead to the discovery of admissible evidence. Gauge Works produced, as acknowledged in your letter of April 1, 2005, invoices pertaining to the bezel at issue in this matter. Gauge Works, by way of supplemental production, produces with this letter three credit card invoices, identified as Bates Nos. GW0129 through GW0134, which evidence the purchase of materials utilized in the development of the Gauge Works bezel at issue. As you can see, other transactions have been redacted. Aside from these documents and those previously produced, Gauge Works states that it has no further responsive documents pertaining to "credit card statements for costs incurred in connection with the making and/or manufacture of the Gauge Works instrument cluster bezel or prototype (Request 15) or the design of the Gauge Works instrument cluster bezel (Request 16)."

    In Jennings' document requests 8 and 9, Gauge Works objected to such requests, in part, because such requests were overly broad, unduly burdensome and were not deemed likely to lead

*A Professional Corporation*

VIRGINIA • WASHINGTON, D.C. • LONDON

Two James Center   1021 East Cary Street (23219)   P.O. Box 1320   Richmond, VA 23218-1320   Tel: 804.643.1991   Fax: 804.783.6507
www.williamsmullen.com

April 13, 2005
Page 2

to the discovery of admissible evidence. Gauge Works produced, as acknowledged in your letter of April 1, 2005, materials pertaining to the sale of its bezel at issue in this matter. Your letter of April 1, 2005, now seeks further information on other cluster bezels which are not at issue in this matter. Gauge Works objects to the discovery of sales information pertaining to its products, particularly ones which are not connected to this lawsuit. Such discovery is irrelevant and not likely to lead to the discovery of admissible evidence. Gauge Works reiterates its objections made in response to Jennings' Requests for Production of Documents Nos. 8 and 9 and states that it believes it has fully complied with the requests.

In Jennings' document requests 20 and 21, Gauge Works objected to such requests, in part, because such requests were overly broad, unduly burdensome and were not deemed likely to lead to the discovery of admissible evidence. Gauge Works further stated that, assuming a reasonable meaning of the requests, responsive documents, if any, would be produced at the offices of its counsel in Virginia. As no responsive documents appear to exist pertaining to warranty claims, no documents were produced.

Lastly, in regard to your email of March 31, 2005 concerning the pictures in the supplemental production of Gauge Works, I am inquiring into the matter and will have an answer for you shortly.

Should you have any questions, please do not hesitate to contact me.

Sincerely,

Bryan D. Wright

BDW:cjw
Enclosures

cc:    Kenneth Brothers, Esq. (w/ encl.) (by electronic mail and facsimile (202) 887-0689)

**EXHIBIT 3**

# NEW FOR '99

*Gauge Bezels for:*

- **Honda Civic 96+**
- **Acura Integra 94+**
- **Ford Mustang 94+**

# Available in June!

Auto Meter Products, Inc. • (815) 895-8141
413 West Elm Street, Sycamore, IL 60178



052162

*Stop by our Booth at SEMA, to see our new products!*



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/696,458 | 10/25/2000 | Douglas M. Jennings | 1712-0001 | 3571 |

7590    07/27/2004

Paul J. Maginot, Esq.
Maginot, Addison & Moore
Bank One Center/Tower
111 Monument Circle, Suite 3000
Indianapolis, IN 46204-5130

| EXAMINER |
|---|
| LUM VANNUCCI, LEE SIN YEE |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3611 | |

DATE MAILED: 07/27/2004

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

 United States Patent and Trademark Office

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

## BEFORE THE BOARD OF PATENT APPEALS
## AND INTERFERENCES

Paper No. 25

Application Number: 09/696,458
Filing Date: October 25, 2000
Appellant(s): JENNINGS, DOUGLAS M.

MAILED

JUL 27 2004

GROUP 3600

Paul Maginot
For Appellant

### EXAMINER'S ANSWER

This is in response to the appeal brief filed 5/27/04.

Application/Control Number: 09/696,458                        Page 3
Art Unit: 3611

**(1)   Real Party in Interest**

    A statement identifying the real party in interest is contained in the brief.

**(2)   Related Appeals and Interferences**

    A statement identifying the related appeals and interferences which will directly affect or be directly affected by or have a bearing on the decision in the pending appeal is contained in the brief.

**(3)   Status of Claims**

    The statement of the status of the claims contained in the brief is correct.

**(4)   Status of Amendments After Final**

    The appellant's statement of the status of amendments after final rejection contained in the brief is correct.

**(5)   Summary of Invention**

    The summary of invention contained in the brief is correct.

**(6)   Issues**

    The appellant's statement of the issues in the brief is correct.

Application/Control Number: 09/696,458                     Page 4

Art Unit: 3611

**(7)     Grouping of Claims**

Appellant's brief includes a statement that claims 26-44 and 52-61 do not stand or fall together and provides reasons as set forth in 37 CFR 1.192(c)(7) and (c)(8).

**(8)     Claims Appealed**

The copy of the appealed claims contained in the Appendix to the brief is correct.

**(9)     Prior Art of Record**

Supplemental product flyer distributed by "Auto Meter Products, Inc.,", providing "gauge bezels" for various vehicle models, and "New for '99", and "Available in June!"

**10)     Grounds of Rejection**

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless --

(a) the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for a patent.

Claims 26-44 and 52-61 are rejected under 35 U.S.C. 102(a) as being anticipated by a supplemental product flyer distributed by "Auto Meter Products, Inc.,", printed before June 1999 (as evidenced by the title "New for '99", and statement in center of page, "Available in June!").

Re **Claims 26-44,** Auto Meter discloses a replacement instrument bezel comprising bezel (body of this product) configured to be mounted in a bezel-mounting space defined between a dashboard housing (inherent) and an instrument assembly (unidentified), the latter including a window (inherent) and speedometer (meter towards center of assembly),

Application/Control Number: 09/696,458                                    Page 5
Art Unit: 3611

　　　　the original bezel possessing no instrument mounts  (i.e., OEM),

　　　one or two instruments secured* to the bezel in respective instrument mounts, each on
opposite sides of the lower portion of the bezel.

* It is clear that the additional instrument may be installed before or after the replacement bezel
is installed, depending on the type of instrument.  This feature does not affect the function of the
invention.


　　　**Re Claims 52-61,** Auto Meter discloses a method of adding an instrument to a vehicle
that includes a speedometer, the obvious steps comprising

　　　　removing an original part (instrument bezel) from a mounting space,

　　　　　　the space including a dashboard with a rim (the rim inherent),

　　　　　　the space including a viewing opening for a speedometer,

　　　　the speedometer located at the rear of a window,

　　　　　　and the original part not possessing instrument mounts (i.e., OEM),

　　　installing a replacement part having at least one instrument mount, the mount located on
a front side of a window,

　　　locating the additional instrument(s) before, or after, installation of the replacement part
(inherent, and dependent on type of instrument).


(NOTE:  It is clear that this method is obvious from viewing the bezel, or any replacement part -
removing an original part, and installing a new replacement part, are obvious, if not intuitive,
steps.)

Application/Control Number: 09/696,458                                    Page 6
Art Unit: 3611

### (11)   Response to Arguments

Appellant's sole issue for Appeals involves the legality of the prior art.  Arguments are provided at great length towards this issue.

> Examiner maintains that the flyer provided by Auto Meter Products is proper prior art, and was submitted in good faith, in response to a proper query by the Examiner.  All other associated concerns of the Applicant; e.g., "[no] evidence that [the flyer] was received by at least one member of the public" (p 9, first paragraph), or "Auto Meter has a significant pecuniary interest in scuttling a third party's attempt to secure patent protection" (p 9, last paragraph), are groundless.
>
> It is clear that the flyer was clearly intended, and utilized, as part of a mass mailing to their customers since it promoted its booth at the SEMA Convention in 1999 (as indicated at the bottom of the flyer).

Appellant continues in this vein by arguing that Examiner's queries to Auto Meter was "improper", and "violates" 37 CFR 1.105 and "Rule 56" (pp 12-13).  First, Examiner notes that 37 CFR 1.105(a)(1)9i)-(vii) (or MPEP 704.11(a)) "lists specific examples of information that may be reasonably required...for examination of an application...".  This list includes

> "(E) The trade names and providers of any goods or services in competition with the goods or services the claimed subject matter has been embodied in.".

Appellant, in fact, properly submitted Auto Meter as such a "provider" in a previous IDS; i.e., Appellant introduced this source of information to the Office.  Examiner merely, and reasonably, continued a proper search for prior art by contacting this firm for additional information.  She requested any additional information that was available to the public, that involved any product (bezel) similar to that featured in the catalog provided by the Appellant prior to June 1999.  This request for information was entirely proper within the scope of 37 CFR 1.105.

Second, Rule 56 is totally irrelevant because this application is (still) in prosecution, and NOT a trial (p 12, "discovery of material information").

Application/Control Number: 09/696,458                                    Page 7

Art Unit: 3611

     Lastly, on pp 14-16, Appellant opines at great length with respect to "[t]he prosecution history of U.S. Patent no. D480,341 [as] contradict[ing the] existence of the [flyer provided by Auto Meter]". The prosecution history with respect to U.S. Patent no. D480,341 is clearly irrelevant to the prosecution of the present application. Thus, this line of argument is moot.

### 12)    Conclusion

For the above reasons, it is believed that the rejections should be sustained.

Conferees: L. Morris, P. English, L. Lum.

Respectfully submitted,

Ms. Lee S. Lum
Examiner
July 22, 2004

LESLEY D. MORRIS
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 3600

**EXHIBIT 4**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DOUGLAS M. JENNINGS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: |
| v. | ) | 1:04-CV-01862 RLY-WTL |
| | ) | |
| AUTO METER PRODUCTS, INC . | ) | |
| | ) | |
| and | ) | |
| | ) | |
| GAUGE WORKS LLC | ) | |
| Defendants | ) | |

## CASE MANAGEMENT PLAN

1.    <u>Parties and Representatives</u>

    1.    Plaintiff:        Douglas M. Jennings
             Defendant:     Auto Meter Products, Inc.
             Defendant:     Gauge Works LLC

    2.  Plaintiff's Counsel:     Paul J. Maginot and David M. Lockman
                                    MAGINOT, MOORE & BECK
                                    Bank One Center/Tower,
                                    111 Monument Circle, Suite 3000
                                    Indianapolis, Indiana 46204-5115
                                    telephone (317) 638-2922
                                    fax number (317) 638-2139
                                    e-mail addresses:
                                    pjmaginot@maginot.com
                                    dmlockman@maginot.com.

           Auto Meter's Counsel:     Kenneth W. Brothers
                                      DICKSTEIN, SHAPIRO, MORIN & OSHINSKY
                                      2101 L Street, NW
                                      Washington, D.C. 20037-1526
                                      telephone (202) 785-9700
                                      fax number (202) 887-0689

e-mail address: BrothersK@dsmo.com

Daniel T. Trachtman
WOODEN & McLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-4208
telephone (317) 639-6151
fax number (317) 639-6444
e-mail address: dtrachtman@woodmaclaw.com

Gauge Work's Counsel:

Bryan D. Wright
WILLIAMS MULLEN
A Professional Corporation
401 E. Market Street, Suite 101
Charlottesville, VA 22902
telephone (434) 951-5718
fax number (434) 817-0790
e-mail address: BWright@williamsmullen.com

Kyle Deak
WILLIAMS MULLEN
A Professional Corporation
Two James Center
1021 E. Carey Street
P.O. Box 1320
Richmond, VA 23218-1320
telephone (804) 643-1991
fax number (804) 783-6507
e-mail address: KDeak@williamsmullen.com

2.    Defendants' Statement.

AutoMeter is a nationwide distributor of aftermarket automobile products. Gauge Works is one of AutoMeter's suppliers. This case is about a kind of plastic shell (called a "bezel") into which automobile instrument gauges can be placed. Jennings thought he had the novel idea that he could patent an aftermarket bezel that had a couple of extra holes to hold additional instrument gauges. AutoMeter and Gauge Works have been selling aftermarket bezels for many years.

Jennings is has alleged that one or both of the defendants supposedly provided a product flyer in response to an inquiry from an examiner at the U.S. Patent and Trademark Office ("USPTO"), the USPTO rejected Jennings' pending patent application that, he asserts, would have been issued but for that product flyer. Jennings' counsel has admitted that he has no evidence to support his claims, for there is none. Jennings has not alleged any violation of U.S. patent law or procedure, but instead has spun out a wild-eyed theory based upon the federal and state RICO statutes. Jennings does not allege that either defendant ever communicated with him, let alone made a fraudulent statement to him. Instead, he has alleged an unprecedented fraud through the auspices of the USPTO. Defendants are not aware of any precedent that supports Jennings' legal theory.

Both defendants have moved to dismiss Jennings' complaint; those motions are pending. Jennings' attempt to convert his allegations into a conspiracy sufficient to support RICO-type charges fails to meet the legal requirements of those statutes. Courts have repeatedly rejected efforts like Jennings' to convert a garden-variety fraud claim into a federal RICO claim. Jennings has failed to allege the threat of continued racketeering activity, as required by the Supreme Court and Seventh Circuit. Jennings also has failed to allege the required predicate acts, or the alleged conspiracy, requiring the dismissal of those claims.

On the merits, there is simply no basis for Jennings' claim. His complaint hangs on the assertion that, sometime in 2002, the defendants conspired to create one or two product flyers from later 1999 which showed that the defendants had already created the same product that Jennings was trying to patent. After Jennings filed suit, defendants pointed him to an archived version of AutoMeter's March 2000 web site showing the exact same photographs that was in the flyer. This fact destroyed Jennings' theory that the flyers were created in 2002. Defendants have considerable evidence showing that they were designing and manufacturing the product at issue in 1998 and early 1999. They have undisputed evidence that the flyers were prepared in the middle of 1999, and were distributed at least two auto shows in September 1999 and November 1999.

**EXHIBIT 5**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
Indianapolis Division

DOUGLAS M. JENNINGS                    )
                                       )
                    Plaintiff,         )
                                       )
v.                                     )    Civil Action No.:
                                       )    1:04-cv-1862-RLY-WTL
                                       )
AUTO METER PRODUCTS, INC., et al.,     )    **DECLARATION OF GREG DAY IN**
                                       )    **SUPPORT OF MOTION OF**
                                       )    **DEFENDANT GAUGE WORKS, LLC**
                    Defendants.        )    **TO DISMISS COMPLAINT**
                                       )    **OR IN THE ALTERNATIVE**
                                       )    **TRANSFER VENUE**

I, GREG DAY state as follows:

1.    I am President and owner of Gauge Works, LLC. I am authorized to make this Declaration on behalf of Gauge Works, LLC.

2.    Gauge Works, LLC is a Virginia limited liability company with headquarters in Dulles, Virginia. It has no corporate parent or subsidiaries.

3.    Gauge Works, LLC designs original after market gauge pod holders for automobiles and manufactures them for sale.

4.    Gauge Works, LLC does not conduct business in Indiana.

5.    Gauge Works, LLC does not have an office in Indiana.

6.    Gauge Works, LLC does not own, rent, use or possess any real property in Indiana.

7.    Gauge Works, LLC does not have any telephone listings in Indiana.

.1/2005 13:45 TBL  4348170977        WILLIAMS MULLEN                      ⌀002/003
.an 21 05 12:15p                                      7036611304              P.2
  01/21/2005 11:18 TBL  4348170977      WILLIAMS MULLEN                    ⌀005/005

8.    Gauge Works, LLC does not maintain any employees or other representatives within Indiana for the transaction of business of any nature, nor does it maintain an agent for receiving service of process in Indiana.

9.    Gauge Works, LLC is not engaged in sales or service activities within Indiana.

10.    Gauge Works, LLC is not qualified to conduct business in Indiana.

11.    Gauge Works, LLC does not solicit any business in Indiana.

12.    Gauge Works, LLC does not derive any substantial revenue from goods used or consumed or services rendered in Indiana.

13.    Gauge Works, LLC does not file state income tax returns in Indiana, nor any state taxes in Indiana.

14.    Gauge Works, LLC sells its product to Auto Meter Products, Inc., located in Illinois.

15.    Auto Meter Products, Inc. is an independent distributor for Gauge Works, LLC's products. It is not an agent of Gauge Works.

16.    Gauge Works, LLC does not and has never controlled or dictated the manner, method or location of distribution of goods sold by Auto Meter Products, Inc.

17.    I have received and read a copy of the Complaint filed in this action. To the extent that I am aware of the factual basis for any of the allegations of conduct by Gauge Works, LLC, I am not aware of any such conduct that occurred in Indiana.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief. Executed on January 20, 2005.

_____
Greg Day

1107116v1                          2

**EXHIBIT 6**

064488.1001

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
Indianapolis Division

| | | |
|---|---|---|
| DOUGLAS M. JENNINGS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | 1:04-cv-1862-RLY-WTL |
| | ) | |
| AUTO METER PRODUCTS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DECLARATION OF GREG DAY IN SUPPORT OF MOTION OF DEFENDANT
GAUGE WORKS, LLC TO DISMISS FIRST AMENDED COMPLAINT OR IN THE
ALTERNATIVE TRANSFER VENUE**

I, Gregory Day, state as follows:

1.     I am President and owner of Gauge Works, LLC.  I am authorized to make this

Declaration on behalf of Gauge Works, LLC.

2.     Gauge Works, LLC is a Virginia limited liability company with headquarters in

Dulles, Virginia.  It has no corporate parent or subsidiaries.

3.     Gauge Works, LLC designs original after market gauge pod holders for

automobiles and manufactures them for sale.

4.     Gauge Works, LLC does not conduct business in Indiana.

5.     Gauge Works, LLC does not have an office in Indiana.

6.     Gauge Works, LLC does not own, rent, use or possess any real property in

Indiana.

7.     Gauge Works, LLC does not have any telephone listings in Indiana.

8.    Gauge Works, LLC does not maintain any employees or other representatives within Indiana for the transaction of business of any nature, nor does it maintain an agent for receiving service of process in Indiana.

9.    Gauge Works, LLC is not engaged in sales or service activities within Indiana.

10.    Gauge Works, LLC is not qualified to conduct business in Indiana.

11.    Gauge Works, LLC does not solicit any business in Indiana.

12.    Gauge Works, LLC does not derive any substantial revenue from goods used or consumed or services rendered in Indiana.

13.    Gauge Works, LLC does not file state income tax returns in Indiana, nor any state taxes in Indiana.

14.    Gauge Works, LLC sells its product to Auto Meter Products, Inc., located in Illinois.

15.    Auto Meter Products, Inc. is an independent distributor for Gauge Works, LLC's products. It is not an agent of Gauge Works.

16.    Gauge Works, LLC does not and has never controlled or dictated the manner, method or location of distribution of goods sold by Auto Meter Products, Inc.

17.    Gauge Works, LLC's only contact with Indiana is the occasional purchase of materials from an Indiana company.

18.    I have received and read a copy of the First Amended Complaint filed in this matter. To the extent that I am aware of the factual basis for any of the allegations of conduct by Gauge Works, LLC, I am not aware of any such conduct that occurred in Indiana.

2

I declare under penalty of perjury that the foregoing is true and correct to the best of my

knowledge, information and belief.  Executed on May 19, 2005.

/s/ Greg Day
Gregory Day

11071l6v2

# **EXHIBIT 7**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
<u>Indianapolis Division</u>

| | |
|---|---|
| DOUGLAS M. JENNINGS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| AUTO METER PRODUCTS, INC., <u>et al.</u>, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Civil Action No.:
1:04-cv-1862-RLY-WTL

**SUPPLEMENTAL DECLARATION OF GREG DAY IN SUPPORT OF MOTION OF
DEFENDANT GAUGE WORKS, LLC TO DISMISS FIRST AMENDED COMPLAINT
OR IN THE ALTERNATIVE TRANSFER VENUE**

I, Gregory Day, state as follows:

1.    I am President and owner of Gauge Works, LLC. I am authorized to make this

Declaration on behalf of Gauge Works, LLC. I have previously made a declaration in Support of

Gauge Works, LLC's Motion to Dismiss the First Amended Complaint or Alternatively Transfer

Venue.

2.    Gauge Works, LLC and AutoMeter Products, Inc. are not engaged in a partnership

and Gauge Works, LLC is not a division of AutoMeter Products, LLC. To the extent that

business cards or other materials reference such a relationship, said materials incorrectly relate

the relationship between Gauge Works, LLC and AutoMeter Products, Inc. AutoMeter Products,

Inc. serves as the independent distributor of Gauge Works, LLC pursuant to an Agreement dated

August 9, 1999.

3. The Agreement provides that AutoMeter Products, Inc. will sell Gauge Works, LLC's products, will receive and process all product orders, and will market Gauge Works, LLC's products. Upon information and belief, the use of the guageworks.com domain name was in furtherance of the distributorship agreement in which AutoMeter Products, Inc. agreed to process, market and sell Gauge Works, LLC's products.

4. The Agreement explicitly provides in paragraph 22 that the distributorship relationship does not create a principal and/or agency or partnership between the parties.

5. The warranty obligations of Gauge Works, LLC and Auto Meter Products, Inc. are detailed in paragraph 26 of the Agreement. AutoMeter Products, Inc. is responsible for determining the applicability of the warranty claim and Gauge Works, LLC is responsible for supplying any replacement parts.

6. Since the time I made my initial declaration in Support of Gauge Works, LLC's Motion to Dismiss the First Amended Complaint or Alternatively Transfer Venue, I have further researched and examined purchases which Gauge Works, LLC has made from Indiana companies. My research has uncovered that Gauge Works, LLC's last purchase from Royalite Thermoplastics occurred in September, 2000.

7. The Sales Orders from Capital Plastics attached to Jennings Response in Opposition of Gauge Works Motion to Dismiss are not purchase orders from any Indiana company. Capital Plastics produced Sales Orders for the products which it produced for Gauge Works. In the Sales Orders, Capital Plastics identified the materials which needed to be used to produce said products. One such product that is identified is a product which was purchased from 1998 until September, 2000 from Royalite Thermoplastics. However, after September, 2000, no more material was purchased from Royalite Thermoplastics. The material referenced in

the 2001 Sales Orders is material that was bought in mass in 2000 and left over from prior purchases.

8.      In 2001, Gauge Works began purchasing materials from Futurex Plastics in Bloomingdale, Indiana. Between November 2001 and April 2003, a period of approximately sixteen (16) months, Gauge Works made no purchases of materials from Futurex. Gauge Works began making occasional purchases after April, 2003. Gauge Works, LLC's purchases are neither systematic nor continuous and vary greatly as seen in the almost sixteen (16) month delay between purchases from November, 2001 until April, 2003. Gauge Works has purchased materials in 2004 and 2005 from Futurex.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief. Executed on June 16, 2005.

_____
                    Gregory Day

11071160

**EXHIBIT 8**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
Indianapolis Division

| | | |
|---|---|---|
| DOUGLAS M. JENNINGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 1:04-cv-1862-RLY-DTL |
| | ) | |
| AUTO METER PRODUCTS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DECLARATION OF GREGORY DAY IN SUPPORT OF MOTION TO
DISMISS FIRST AMENED COMPLAINT OR ALTERANTIVELY
TRANSFER VENUE**

I, Gregory Day, hereby declare that:

1.  I am the President of Gauge Works, LLC.  I reside in Virginia.

2.  I am not aware of any contacts that I have with the state of Indiana.

3.  I do not conduct any business in Indiana.

4.  I do not have an office in Indiana.

5.  I do not own, rent, use or possess any real property in Indiana.

6.  I have no telephone listings in Indiana.

7.  I maintain no representatives within Indiana for the transaction of business
of any nature.

8.  I am not engaged in sales or service activities within Indiana

9.  I do not solicit any business in Indiana.

10. I do not derive any substantial revenue from goods used or consumed or services rendered in Indiana.

11. I do not file state income tax returns in Indiana.

12. To best of my knowledge, I have never physically been in Indiana.

13. I have received and read a copy of the First Amended Complaint filed in this action. To the extent that I am aware of the factual basis for any of the allegations of conduct by myself, I am not aware of any such conduct that occurred in Indiana.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief. Executed on May 19, 2005.

_/s/ Greg Day_____
Gregory Day

1151908v1

# EXHIBIT 9

***** Record 13340 in EXH HIST *****

PHOENIX SOLUTIONS                                                    ExhibiTrak System

EXHIBITOR REGISTRATION HISTORICAL - Page 1 of 4

Exhibitor: 000060 AUTO METER PRODUCTS
Contact: 161723 Laura Campbell
Phone: (815)-895-8141 Ex: ____ Fax: (815)-895-3859
000060 PRIO2E

Meeting: PRIO2E   15th PRI Trade Show
Starts: 12/05/02 Ends: 12/07/02 797660 000060797660

Notes: PRODUCT ENDING: ACQUISITION

Cancellation Notes:

Representative: HH                 Breakfast Tickets: ____ 10

Date Entered: 02/12/02 By: nicole   Modified: 12/23/02 By: TAMMY
Service Manual: 06/17/02    Promo 1: 06/20/02    Promo 2: __/__/__

PHOENIX SOLUTIONS                                                    ExhibiTrak System

EXHIBITOR REGISTRATION - Page 2 of 4

BOOTH REGISTRATION                               Number of Booths: 04

| Location | Date | Booth Fee | Cxl | Rate | Cxl Fee | Bill Amt |
|----------|------|-----------|-----|------|---------|----------|
| 1706 | 02/12/02 | 1,500.00 | no | | | 1,500.00 |
| Products: Tachometers, Gauges, Playback Units, Data Acquisit | | | | | | |
| Sign? | | | Sign Name: | | | |
| 1708 | 02/12/02 | 1,500.00 | no | | | 1,500.00 |
| Products: | | | | | | |
| Sign? | | | Sign Name: | | | |
| 1710 | 02/12/02 | 1,500.00 | no | | | 1,500.00 |
| Products: | | | | | | |
| Sign? | | | Sign Name: | | | |
| 1712 | 02/12/02 | 1,500.00 | no | | | 1,500.00 |
| Products: | | | | | | |
| Sign? | | | Sign Name: | | | |

—— END Scroll Subform ——  CTRL PgDn Exit Subform

PHOENIX SOLUTIONS                                                    ExhibiTrak System

EXHIBITOR REGISTRATION - Page 3 of 4

Exhibitor: 000060 AUTO METER PRODUCTS           Meeting: PRIO2E

PERSONNEL

| ID | Pre | First Name | Last Name | Guest | Badge Name |
|----|-----|-----------|-----------|-------|------------|
| 094768 | | Jeep | Worthan | | JEEP |
| 139963 | | Pat | Lovro | | PAT |
| 119485 | | Mike | Tritle | | MIKE |
| 155423 | | Brett | Littlefield | | BRETT |

| 097403 | Ron | Piasecki | | RON |
|---|---|---|---|---|
| 173592 | Cyndie | Nelson | | CYNDIE |
| 126882 | Todd | Westberg | yes | TODD |
| 173589 | Mike | Gathman | yes | MIKE |
| 103663 | Greg | Day | yes | GREG |
| 137034 | Doug | Calvert | yes | DOUG |
| 137035 | Bill | Scholl | yes | BILL |
| 185565 | Marc | Erickson | | MARC |
| 185567 | Vince | Paku | | VINCE |
| 185566 | Amel | Hill | | AMEL |
| 185568 | Bud | Porter | | BUD |
| 185569 | Doug | Lemons | | DOUG |
| 185570 | Vicki | Hill | | VICKI |
| 185575 | Jim | Wallin | yes | JIM |
| 185572 | Cary | Villani | yes | CARY |
| 185573 | James | Verdouw | yes | JAMES |
| 185574 | Neal | Berman | yes | NEAL |
| 185575 | Jim | Wallin | yes | JIM |
| 185576 | Jeff | Willard | yes | JEFF |
| 185577 | Don | Ratcliffe | yes | DON |
| 185861 | Val | Piasecki | | VAL |

————— END Scroll Subform ————— CTRL PgDn Exit Subform —————

ADDITIONAL ITEMS
| Item | Description | Amount | Qty | Total |
|---|---|---|---|---|

————— END Scroll Subform ————— CTRL PgDn Exit Subform —————

PHOENIX SOLUTIONS                                    ExhibiTrak System

EXHIBITOR REGISTRATION - Page 4 of 4

Exhibitor: 000060 AUTO METER PRODUCTS          Meeting: PRIO2E

PAYMENTS
| Activity | Method | Amount | Date | Comments |
|---|---|---|---|---|
| Deposit | Check | 2,800.00 | 03/25/02 | Batch: 004576   CR: 00054608 |
| Deposit | Check | 2,800.00 | 09/03/02 | Batch: 005007   CR: 00057292 |

————— END Scroll Subform ————— CTRL PgDn Exit Subform —————

SUMMARY
Booth Fees:   6,000.00      Discount:   400.00    Addl Items:      0.00
              400.00                              Subtotal:  5,600.00

Taxable Amt:      0.00      Tax Rate:    0.00%    Tax Amt:        0.00
Total Amt Due:  5,600.00    Payments:  5,600.00   Balance:        0.00

Deposit Inv:    02/15/02              Bal Due Inv:        08/07/02

# **EXHIBIT 10**

PAUL J. MAGINOT
HAROLD C. MOORE
MICHAEL D. BECK
DAVID M. LOCKMAN △
DAVID B. QUICK
JAMES D. WOOD
RUSSELL E. FOWLER II
GERALD W. ROBERTS

△ GEORGIA & OHIO BARS ALSO

# MAGINOT, MOORE & BECK LLP
### PATENT AND TRADEMARK ATTORNEYS

BANK ONE CENTER/TOWER
111 MONUMENT CIRCLE, SUITE 3000
INDIANAPOLIS, INDIANA 46204-5115

TELEPHONE (317) 638-2922
FACSIMILE (317) 638-2139

July 21, 2005

The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Re:   Douglas M. Jennings v. Auto Meter Products, Inc., Gauge Works LLC and
Gregory Day
Civil Action No. 1:04-CV-1862 RLY-WTL
MMB Docket No. 1712-0004

Dear Registered Agent:

Attached please find a subpoena for the production of documents from Bank of America Corporation. Along with the subpoena, a copy of Rule 45, and a Schedule A of the documents to produce, is a protective order that was entered in the case. Bank of America may produce documents with either the CONFIDENTIAL or ATTORNEY EYES ONLY designation, if appropriate.

Please contact Paul J. Maginot, Maginot, Moore & Beck, Bank One Center Tower, 111 Monument Circle, Suite 3000, Indianapolis, IN 46204-5115, (317) 638-2922, to arrange for a mutually agreed location for the production.

Thank you for your prompt attention and cooperation in this matter.

Very truly your,

Maginot, Moore & Beck

Paul J. Maginot

Enclosures

Issued by the

# UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

## SUBPOENA IN A CIVIL CASE

Douglas M. Jennings,
Plaintiff
v.

Auto Meter Products, Inc.
Gauge Works LLC, and
Gregory Day,
Defendants

1:04-cv-01862 RLY-WTL
Southern District of Indiana

TO: Bank of America Corp., c/o The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| Place of Testimony | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| Place of Deposition | DATE AND TIME |
|---|---|

XX YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See attached Schedule A

| Place: A mutually agreed upon location | DATE AND TIME: 9:00 a.m., 8/11/05 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| Premises | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER'S SIGNATURE (INDICATE IF ATTORNEY FOR PLAINTIFF)    DATE

*Paul J. Maginot*          Attorney for Plaintiff      July 21, 2005

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER:    Paul J. Maginot, MAGINOT, MOORE & BECK LLP, 111 Monument Circle, Suite 3000, Indianapolis, IN 46204-5115, (317) 638 2922.

## PROOF OF SERVICE

DATE SERVED: July 22, 2005          PLACE: Corporation Trust Center

SERVED ON (PRINT NAME): Nicole Ciaccia

MANNER OF SERVICE
**Delivery Service**

SERVED BY (PRINT NAME): Megan L. Lyall

TITLE:

DECLARATION OF SERVER:

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   August 5, 2005
                        DATE

SIGNATURE OF SERVER

111 Monument Circle, Suite 30
ADDRESS OF SERVER
Indianapolis IN 46238
                                    46204

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an offi= of a party oom significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B), (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Schedule A

1.      Any and all documents and things related to, referring to, or involving credit card accounts of Greg Day that were issued or otherwise provided by or on behalf of Bank of America during the years 1998-present.

2.      Any and all documents and things relating to, referring to, or involving any and all invoices, bills, credit card statements, or other request-for-payment documents prepared regarding any credit card accounts of Greg Day that were issued or otherwise provided by or on behalf of Bank of America during the years 1998-present.

3.      Any and all documents and things relating to, referring to, or involving records of any and all purchases of goods and/or services that were charged to any credit card account of Greg Day which were issued or otherwise provided by or on behalf of Bank of America during the years 1998-present.

4.      Any and all documents and things related to, referring to, or involving credit card accounts of Gauge Works that were issued or otherwise provided by or on behalf of Bank of America during the years 1998-present.

5.      Any and all documents and things relating to, referring to, or involving any and all invoices, bills, credit card statements, or other request-for-payment documents prepared regarding any credit card accounts of Gauge Works that were issued or otherwise provided by or on behalf of Bank of America during the years 1998-present.

6.      Any and all documents and things relating to, referring to, or involving records of any and all purchases of goods and/or services that were charged to any credit card account of Gauge Works which were issued or otherwise provided by or on behalf of Bank of America during the years 1998-present.

## DEFINITIONS AND INSTRUCTIONS

1.    "Auto Meter" means Auto Meter Products, Inc. having a place of business at 413 West Elm Street, Sycamore, Illinois 60178, and, any affiliated or related companies or entities, any predecessors, current or former subsidiaries, affiliates or divisions and their present and former officers, directors, employees, attorneys, agents, consultants and all other persons acting or purporting to act on their behalf.

2.    "Bank of America" means Bank of America Corporation that is incorporated in the state of Delaware, and any affiliated or related companies or entities, any predecessors, current or former parent companies, current or former subsidiaries, affiliates or divisions (including Nations Bank) and their present and former officers, directors, employees, attorneys, agents, consultants and all other persons acting or purporting to act on their behalf.

3.    "Gauge Works" means Gauge Works LLC having a place of business at 10407 Down Patrick Lane, Great Falls, Virginia 22066 and/or 43671 Trade Center Place, Unit 156, Dulles, Virginia 20166 and/or 12532 Cliff Edge Dr., Herndon, Virginia 20170, and any affiliated or related companies or entities, any predecessors, current or former subsidiaries, affiliates or divisions and their present and former officers, directors, employees, attorneys, agents, consultants and all other persons acting or purporting to act on their behalf.

4.    "Gregory Day" means the individual who resides at 10407 Down Patrick Lane, Great Falls, Virginia 22066.

5.    "Person" or "persons" means all natural persons, any business entities including corporations, partnerships, cooperatives, or other business associations, and any other business, legal or governmental entities or associations including any department, agency, bureau, unit or political subdivision thereof, and all predecessors and successors of each of them.

2

6.    "Referring to" or "relating to" means, without limitation, constituting, discussing, covering, concerning, or referring to, directly or indirectly in any way, the subject matter identified in a particular request.

7.    "Document" includes without limitation all handwritten, typed, printed, photostatic, graphic and/or computer-stored matter, such as correspondence, memoranda, notes, charts, tables, desk calendars, logs, drafts, work papers, minutes or recordings of meetings, speeches, presentations, conversations or telephone calls (whether recorded in writing, mechanically, or electronically), records, studies, analyses, reports, schedules, forecasts, surveys, invoices, receipts, check stubs, computer data, computer printouts, financial statements, balance sheets, profit and loss statements, statements of earning, statements of net worth, credit reports, statement of operations, audit reports, financial summaries, statement of lists of assets, figure statistics, agreements, government filings and reports, contracts, expense reports, photographs, slides and videos. "Document" also means an authentic copy where the copy is not an identical duplicate of the original. If any responsive documents exist only in computer memory, these documents should be produced by printing out and furnishing hard copies of the documents.

8.    Any responsive document not disclosed by reason of a claim of privilege or other basis should be identified in writing by: (a) date; (b) author; (c) recipient; (d) general subject matter; and (e) the basis upon which it is being withheld from production.

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DOUGLAS M. JENNINGS,<br><br>    Plaintiff,<br><br>       v.<br><br>AUTO METER PRODUCTS, INC.,<br>and<br>GAUGE WORKS LLC<br><br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    **CIVIL ACTION NO.<br>1:04-CV-01862 RLY-WTL** |

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED by the parties through their respective counsel of record
that, pursuant to Federal Rule of Civil Procedure 26(c), the following protective order be entered
by the Court:

    1.    Until further notice of the Court, the production of documents, things,
information, and any other things subject to discovery in this action including without limitation
testimony ("Discovery Material") by the Parties or any third party shall proceed in accordance
with this Protective Order. As used herein the term "Party" or "Parties" shall refer to Douglas
M. Jennings ("Jennings"), Auto Meter Products, Inc. ("Auto Meter"), and Gauge Works LLC
("Gauge Works"). Because Auto Meter and Gauge Works anticipate that documents and other
evidence that will be used in this case will contain corporate confidential or proprietary
information that has economic value because it is not publicly known, there is good cause for
entry of this Stipulated Protective Order ("Protective Order").

2.      Any party (including any third party not named in this action) that is required to produce materials or information in discovery in this case may make a designation pursuant to this Protective Order. Any Party or third party making a designation under this Protective Order agrees to be bound by the terms of this Protective Order.

3.      A Party or third party may designate Discovery Material under this Protective Order as: "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY." Discovery Material designated as "CONFIDENTIAL" or "CONFIDENTIAL -- OUTSIDE COUNSELS' EYES ONLY" shall be referred to herein as "Protected Material." The words "CONFIDENTIAL" or "CONFIDENTIAL -- OUTSIDE COUNSELS EYES ONLY" shall be placed clearly on each such page or portion of the Protected Material. In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are exchanged or produced.

4.      Protected Material shall include trade secrets (as contemplated by Federal Rules of Civil Procedure 26(c) and defined by Indiana Code Section 24-2-3-1 et. seq. and case law interpreting that statute), business plans and forecasts, technical product specifications, financial plans and forecasts, operational plans and forecasts, product development plans and forecasts and other information relating to sales, costs, pricing, profits, research, business plans, finances, employment policies, customer identities, or internal procedures, or the like that is unknown to competitors or the general public and that the disclosing party has taken affirmative steps to maintain as confidential. The exclusion of any type of information from the preceding sentence in no way implies that such information may not be designated as confidential, so long as the designating party in good faith believes that it is confidential. The "CONFIDENTIAL -- OUTSIDE COUNSELS' EYES ONLY" designation shall be used only for extremely sensitive proprietary information that a party in good faith believes is entitled to heightened protection so

as to prevent the party from incurring serious economic or competitive injury such as: (a) financial information such as margins, revenues, costs, etc.; (b) information, such as research and development information, regarding future products; (c) information regarding present and future business and marketing strategies; (d) customer lists and documents that reveal a customer's identity; (e) confidential third party agreements; and (f) any protectable, and actually protected, trade secrets as defined by applicable state law.

5.    Protected Material designated as "CONFIDENTIAL" may be disclosed only to the following persons, except upon written consent of the designating party:

(a)    Outside and in-house attorneys for the Parties and regular employees of such attorneys assigned to and necessary to assist in the conduct of this action;

(b)    Retained outside consultants and retained outside experts to the extent necessary for the conduct of this action;

(c)    Deponents noticed by the Parties, to the extent necessary for the conduct of this action, where the deponent is an author or recipient of the Protected Material or to whom disclosure is reasonably appropriate;

(d)    The Court and court personnel including without limitation clerks and court reporters;

(e)    Deposition court reporters, deposition videographers, copying services, and imaging services;

(f)    Jury consultants;

(g)    Mock jurors; and

(h)    Employees of a Party.

6.    Protected Material designated "CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" may be disclosed only to the following persons, except upon prior written consent of the designating party:

(a)    Outside attorneys for the Parties and regular employees of such attorneys assigned to and necessary to assist in the conduct of this action who are not shareholders, officers, directors, or employees of a party to this action;

(b)    Retained outside consultants and retained outside experts to the extent necessary for the conduct of this action;

(c)    Deponents noticed by the Parties, to the extent necessary for the conduct of this action, where the deponent is an author or recipient of the Protected Material or to whom disclosure is reasonably appropriate;

(d)    The Court and court personnel including without limitation clerks and court reporters;

(e)    Deposition court reporters, deposition videographers, copying services, and imaging services;

(f)    Jury consultants; and

(g)    Mock jurors.

7.    All consultants or experts to whom Protected Material designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" is disclosed under Paragraphs 5(b), 5(f), 6(b) or 6(f) in accordance with the terms of this Order and all employees to whom Protected Material designated as "CONFIDENTIAL" is disclosed under paragraph 5(h) shall execute a copy of the Protective Order Acknowledgement attached to this Order, acknowledging the person's agreement to be bound by its terms prior to any disclosure. A copy of the executed Protective Order Acknowledgement shall be maintained by the

disclosing party during this action and for thirty (30) days after termination of this action, including any appeals. If a Party disclosing Protected Material to a consultant or expert intends to rely on the testimony of such a consultant or expert as a testifying witness at trial or any hearing or with a declaration or affidavit, that Party shall provide a copy of the executed Protective Order Acknowledgment to the other Party.

8.    Any Protected Material filed with the Court shall be filed under seal and shall remain under seal until further Order of the Court. Where possible, only portions of the filing with the Court constituting Protected Material shall be filed under seal. The party filing any Protected Material shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "TO BE FILED UNDER SEAL PURSUANT TO COURT ORDER" next to the caption.

9.    A Party that inadvertently fails to designate Protected Material at the time of its production shall have ten (10) days thereafter in which to correct its failure, or for good cause shown after the expiration of the ten days. Such correction, and notice thereof, shall be made in writing, accompanied by substitute copies of each affected item, designated as described above.

10.    If a producing party inadvertently discloses to a receiving party information that is privileged, said producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the receiving party will return such inadvertently produced item or items of information and all copies thereof within five (5) days of the earliest of (i) discovery by the receiving party of its inadvertent production, or (ii) receiving a written request for the return of such item or items of information. The party having returned such inadvertently produced item or items of information may thereafter, without asserting waiver because of inadvertent

production, seek production of any such documents in accordance with the Federal Rules of Civil Procedure.

11.    Any party shall not be obligated to challenge the propriety of a designation of Discovery Material as Protected Material at the time the designation is made, and the failure to do so shall not prelude a subsequent challenge thereto. A Party , and when Protected Material has been filed under seal, an interested member of the public, may at any time request in writing to the party who produced Protected Material that the designation be modified or withdrawn. If the designating party does not agree to the re-designation of the Protected Material within ten (10) days of receipt of the written request, the party requesting re-designation may apply to the Court for relief. Upon such application to the Court for relief, the burden shall be on the designating party to show why its classification is proper. The designation of the Protected Material shall be maintained pending the ruling of the Court on any such request for relief.

12.    Agreement of the Parties to this Protective Order shall not be construed as an agreement or admission by one party that the designation of Protected Material as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" by any other party is in any way proper or correct.

13.    Protected Material produced or exchanged in the course of this litigation shall be used by the receiving party solely for the prosecution and/or defense of this action, including any appeals, and for purposes of evaluation of settlement and for settlement negotiations, and not for any other purposes, including without limitation, any competitive or business purposes. Nothing in this Protective Order shall limit any producing party's use of its own Protected Material. Nothing in this Protective Order shall prevent disclosure of an item designated as Protected Material to any entity by the party who designated such item as Protected Material.

14.     Nothing contained in this Protective Order shall constitute a waiver of any party's right to assert that particular Protected Material is entitled to greater protection and/or limitation of access than afforded by this Protective Order, including an assertion that certain such information or materials should not be produced at all.

15.     Protected Material disclosed at any deposition occurring in this litigation may be designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" by any party indicating on the record at the deposition that the testimony is Protected Material and/or noting that it is "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY." A party may also designate information or exhibits disclosed at such deposition as Protected Material by notifying the other party in writing prior to deposition, noting the appropriate category of classification. In addition, a party may provide written notice to other parties designating testimony as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" within five (5) days of receipt of the deposition transcript. The Court Reporter shall designate those portions of the deposition transcripts which are considered to be Protected Material with the appropriate legend. Nothing in this paragraph shall prevent a Party's representative from attending depositions to the extent such attendance is otherwise permissible under the law, the rules of procedure, and the rules of the Court. If such attendance is permissible under the law and rules, the disclosing party may nonetheless ask that such representative leave the room for those portions of the deposition that the disclosing party believes are Protected Material as defined herein and to which such representative is not allowed access under this Protective Order, and the representative shall comply with the disclosing party's request.

16.     If any Protected Material is to be offered in any hearing, trial, or other proceeding, the designating party shall have the right to request the entry of order(s) by the Court, in limine

or otherwise, to protect the confidentiality of the information or materials before the information or material is used. Nothing in this provision shall require disclosure of specific information or material to be used in a hearing, trial or other proceeding.

17.    The restrictions embodied in this Protective Order shall be binding upon the Party to whom such Protected Material is produced unless and until that Party shows to this Court that:

(a)    The Protected Material was or has become public knowledge absent a breach of the restrictions of this Protective Order; or

(b)    The Protected Material was already made known to that party through a third party who himself has not breached any obligation of confidentiality in doing so.

18.    In the event that any person in receipt of Protected Material designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" shall receive a written request, subpoena, or Court Order seeking disclosure of such information, such person shall immediately upon receipt of such request, subpoena, or Court Order notify counsel for the designating party of the request, subpoena, or Court Order and shall provide counsel for the designating party with a copy of the same and shall permit the designating party a reasonable opportunity to seek a protective order to prevent the disclosure of such information.

19.    Thirty (30) days after termination of this action, including any appeals, documents and other tangible items containing Protected Material, including all copies, noted and other materials containing or referring to information derived therefrom, shall be returned to the party which produced it or, upon that party's written consent, destroyed, and all persons who possessed such material shall verify, to the best of their knowledge, the return or destruction by affidavit furnished by the producing party. Notwithstanding the foregoing, outside counsel for each Party may retain one copy of all pleadings, transcripts and exhibits used in the case, as well as attorney work notes.

20.     The Court retains jurisdiction to make such amendments, modifications, and additions to this Protective Order as it may from time to time deem appropriate. Either Party may make a request to the Court for any reasonable amendment to this Protective Order to facilitate the efficient and appropriate handling of Protected Material.

21.     The treatment accorded Protected Material under this Protective Order shall survive termination of this action.

Based on the foregoing stipulations, it is SO ORDERED.

ENTERED  02/16/2005

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Stipulated and agreed to by:


   /s/Daniel Trachtman
Daniel D. Trachtman
WOODEN & McLAUGHLIN
One Indiana Square, Suite 1800
Indianapolis, Indiana 46204-4208
(317) 639-6151 [phone]
(317) 639-6444 [facsimile]
dtrachtman@woodmaclaw.com

/s/ Kenneth W. Brothers
Kenneth W. Brothers
DICKSTEIN, SHAPIRO, MORIN &
OSHINSKY
2101 L Street, NW
Washington, D.C. 20037-1526
(202) 785-9700 [phone]
(202) 887-0689 [facsimile]
BrothersK@dsmo.com
*Counsel for Auto Meter Products, Inc.*


   /s/Bryan Wright
Bryan D. Wright
WILLIAMS MULLEN
A Professional Corporation
Two James Center
1021 E. Cary Street
Richmond, VA 23218-1320
(804) 643-1991 [phone]
(804) 783-6507 [facsimile]
BWright@williamsmullen.com
*Counsel for Gauge Works LLC*


   s/David M. Lockman/
Paul J. Maginot
David M. Lockman
MAGINOT, MOORE & BECK
Bank One Center/Tower
111 Monument Circle, Suite 3000
Indianapolis, IN 46204-5115
(317) 638-2922 [phone]
(317) 638-2139 [facsimile]
pjmaginot@maginot.com
dmlockman@maginot.com

*Counsel for Douglas M. Jennings*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DOUGLAS M. JENNINGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO.** |
| | ) | **1:04-CV-01862 RLY-WTL** |
| AUTO METER PRODUCTS, INC., | ) | |
| And | ) | |
| GAUGE WORKS LLC | ) | |
| | ) | |
| Defendants | | |

## PROTECTIVE ORDER ACKNOWLEDGEMENT

I,_____,

[__]   an employee of _____, or

[__]   an outside expert or consultant retained by _____ in

connection with the above-captioned proceeding,

hereby acknowledge that I may receive Protected Materials supplied by

_____, as defined in the Stipulated Protective Order dated February ___, 2005.

I certify that the Protected Material provided to me is pursuant to the terms and

restrictions of the Stipulated Protective Order. I have been given a copy of the Stipulated

Protective Order and have read and understand my obligations under it. I hereby agree to be

bound by the terms of the Stipulated Protective Order. I understand that any and all Protected

Material that I receive shall not be disclosed to or discussed with anyone not similarly bound by the Court's Stipulated Protective Order.

At the conclusion of this proceeding, I will return all information and materials I receive to counsel of record for the party by whom or on whose behalf I have been retained.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order and waive any and all objections to jurisdiction and venue for that purpose.

Dated:_____

Name:_____

12